JONES, JUDGE:
This claim is for $5,331.25, which the claimants, Vecellio and Grogan, Inc. and Foster and Creighton Co., allege is owing to them under a contract entered into with the State Road Commission, now Department of Highways, on May 25, 1966, for the construction of a public highway known as 1-77 in Wood County. One of the provisions of the contract was for concrete guttering at the agreed unit price of $12.00 per square yard, and upon the completion of the contract claimants contended that they had constructed 2,748.17 square yards of concrete gutter while the respondent measured the construction as 2,303.9 square yards. There is no question as to the quality of the work or that this item of construction in any way failed to comply with the requirements of the *41 contract. The method of measurement accounts for the difference in the quantity to be paid for, and the respondent either owes all of the amount claimed or none of it, depending on which method of measurement is determined to be correct.
The controversy arises from a change in design of concrete gutters, which came about contemporaneously with the bidding on this project, and measurement of the finished work under either design, is governed by Section 2.111.4 of the Standard Specifications Roads and Bridges adopted in 1960, providing in part as follows:
“The square yards of ‘Concrete Gutter’ or ‘Stone Gutter’, as the case may be, shall be determined by the length, measured along the center line thereof, times the width, as measured on the surface of the gutter.”
The old design provided by the respondent and conformed to by the claimants under numerous previous contracts with the respondent over a period of several years, was a simple concrete ditch, finished from apex to apex, with unfinished sides, and payment therefor was made for the finished surface from apex to apex. There is some question as to whether that design and the new design were both included in the plans and specifications for the job in question, but in any event, the respondent required the gutter to be built according to the new design and the claimants did not object and did construct the gutter according to the new design. The modified design provided for a concrete ditch as previously constructed, with a concrete extension or shoulder on either side which was to be a flat, finished surface. The extensions required additional concrete and steel wire reinforcement, and the top flat surface was finished by hand.
When the work was completed, the gutter work was measured in the field by respondent’s employees, the width being measured from the edge of one of the finished extensions or shoulders across said flat surface, down and across the concrete ditch and thence to the other edge of the finished shoulder. The method and result of this measurement conformed to that here contended for by the claimants. >
Later, however, during negotiations for the final settlement, respondent’s engineers in the Charleston office reversed this method *42 of measurement and agreed to pay only for the surface of the gutter from apex to apex, as previously measured under the old design, and not including the finished extensions or shoulders.
The respondent contends that this controversy should be concluded in its favor by the application of Section 1.4.1 of the Standard Specifications which in part is as follows:
“Should any misunderstanding arise as to the intent or meaning of said Plans, Specifications, or Special Provisions, or any discrepancy appear in any, the decision of the Commissioner in such cases shall be final and conclusive.”
We do not think this case is as simple as that. This section may be clear and unambiguous as contended by the respondent in so far as the completion, quality, quantity or method of work and performance of a construction contract are concerned, but here we must deal with a legal definition of the word “surface” as set out in Section 2.111.4 of the Standard Specifications. In our opinion the Specifications do not contemplate that the Commissioner shall malee legal decisions pertaining to the language used in a contract, and the legal interpretation necessary to a correct decision in this case is not such a decision as may be final and conclusive when made by the Commissioner. It is further the opinion of the Court that the word “surface” as used in the prescribed method of measurement in this case means finished surface as constructed and before the finished extensions or shoulders were covered with dirt. From our study of the record in this case, it appears that custom and usage in the construction trade would confirm our judgment in this matter. These shoulders were additions to the former design, and they were finished in the same manner as the water-carrying portion of the gutter.
We are constrained to accept the measurement of the width of the gutter contended for by the claimants and, accordingly, we award Vecellio and Grogan, Inc. and Foster and Creighton Co. the sum of $5,331.25.
Award of $5,331.25.